**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC and LOCATION BASED SERVICES LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 4:08 CV 00817 |
| v. | ) ) | JUDGE JOHN R. ADAMS |
| T-MOBILE USA, INC, | ) ) | |
| Defendant. | ) ) ) | |

**T-MOBILE USA, INC.'S BRIEF
IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS
<u>PENDING REEXAMINATION OF THE PATENTS-IN-SUIT</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. FACTS AND PROCEDURAL HISTORY ............................................................................1

III. ARGUMENT...........................................................................................................................3

    A. A Stay Will Simplify the Issues in Question and Reduce the Burden of Litigation on the Parties and the Court ......................................................4

    B. A Stay Will Not Unduly Prejudice or Present A Tactical Disadvantage to Plaintiffs .......................................................................................7

    C. Discovery Has Not Closed and Trial Has Not Been Scheduled .............................8

    D. A Stay Is Even More Warranted Here than it Was in the Cases Before Judge Economus ..........................................................................................8

IV. CONCLUSION......................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*01 Communique Lab., Inc. v. Citrix Sys., Inc.*,
    2008 WL 696888 (N.D. Ohio 2008) .................................................................. 4, 5, 7, 9

*Alloc, Inc. v. Unilin Décor N.V.*,
    2003 WL 21640372 (D. Del. 2003) ................................................................................ 7

*Broadcase Innovation, L.L.C. v. Charter Commc'ns, Inc.*,
    2006 WL 1897165 (D. Colo. 2006) ............................................................................... 8

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988) ..................................................................................... 3

*Hamilton Indus. v. Midwest Folding Prods.*,
    1990 WL 37642 (N.D. Ill. 1990) .................................................................................... 6

*Lincoln Elec. Co. v. Miller Elec. Mfg. Co.*,
    2007 WL 2670039 (N.D. Ohio 2007) ......................................................................... 3, 9

*MercExchange v. eBay, Inc.*,
    500 F.Supp.2d 556 (E.D. Va. 2007) ............................................................................. 8

*NetJumper Software, L.L.C. v. Google, Inc.*,
    2008 WL 2761022 (E.D. Mich. 2008) .......................................................................... 7

*Sun-Flex Co. Inc. v. Softview Computer Prods. Corp.*,
    1989 WL 117976 (N.D. Ill. 1989) .................................................................................. 6

*Tdata Inc. v. Aircraft Technical Publishers*,
    2008 WL 77741 (S.D. Ohio 2008) ............................................................................ 7, 9

**Statutes**

35 U.S.C. § 314(c) ................................................................................................................ 7

35 U.S.C. § 316(b) ................................................................................................................ 5

**Other Authorities**

USPTO Quarterly Report, September 30, 2010, *Ex Parte* Statistics ................................. 10

USPTO Quarterly Report, September 30, 2010, *Inter Partes* Statistics ...................... 4, 10

Defendant T-Mobile USA, Inc. ("T-Mobile") respectfully submits this brief in support of its motion to stay this action pending *inter partes* reexamination of *both asserted patents* by the U.S. Patent and Trademark Office ("PTO").

## I.  INTRODUCTION

As recognized by Judge Economus in Plaintiffs' other cases pending in this district, a stay of litigation is appropriate when "there is a substantial possibility that a stay pending reexamination will simplify the issues [in the case] and avoid unnecessary litigation and use of judicial resources." (Ex. 1, Case No. 08-CV-816, D.I. 46 at 6-7.) That is certainly the case here, where both patents-in-suit are subject to reexamination. In particular, nearly all of the asserted claims of U.S. Patent No. 6,847,822 ("the '822 Patent") have been and remain rejected in an *inter partes* reexamination pending before the PTO, and all of the asserted claims of U.S. Patent 7,289,763 ("the '763 Patent") are subject to a separate request for *inter partes* reexamination. Because claims emerge from *inter partes* reexamination valid and unamended only *11%* of the time, a stay of the present case pending resolution of those reexamination proceedings would almost assuredly simplify the issues before the Court and avoid unnecessary waste of judicial and private resources.

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiffs sued T-Mobile, Cellco Partnership (d/b/a Verizon Wireless), Sprint Nextel Corporation, Alltel Corp., and AT&T Mobility LLC in five separate suits in this District (Case Nos. 08-CV-817, 08-CV-816, 08-CV-818, 08-CV-821, and 08-CV-822, respectively). The Cellco, Sprint, and Alltel cases were assigned to Judge Economus, and all three are already stayed pending reexamination, while the T-Mobile and AT&T Mobility cases were assigned to this Court. The cases were so closely related that the initial schedule in this case was based in

1

part on the schedules in the Judge Economus cases.  *See*, *e.g.*, Amended Case Management Plan (D.I. 30) at ¶¶ (i)-(j).

On March 30, 2009, Sprint filed requests with the PTO for *ex parte* reexamination of the four originally asserted patents.  On that same day, the defendants in the three cases before Judge Economus moved to stay those cases pending resolution of the reexamination requests.  On May 22, 2009, Judge Economus granted a stay as to all three cases.

T-Mobile and AT&T Mobility raised the possibility of a stay with the Court in a telephone conference on May 12, 2009, at which time the parties were ordered to file a notice informing the Court once Judge Economus ruled on the motion to stay.  On May 26, 2009, the parties notified the Court that Judge Economus had granted the stay, and T-Mobile and AT&T Mobility filed their motion to stay on June 1, 2009.  On June 9, 2009, T-Mobile and AT&T Mobility learned that the PTO had denied three of those four *ex parte* reexamination requests upon which their motion was based, and that the PTO had granted reexamination of the fourth patent only with respect to a claim not asserted against T-Mobile or AT&T Mobility.  The next day, T-Mobile and AT&T Mobility withdrew their motion.

Since the filing of Sprint's original *ex parte* reexamination requests, additional requests for reexamination based on additional prior art have been filed with the PTO.  Verizon filed an *inter partes* request for reexamination of the '822 Patent on September 28, 2009.  The PTO granted that request and rejected Claims 10-14, 22, 24-27, 32, and 34-37 of the '822 Patent on March 16, 2010.  Then, just last month, on December 14, 2010, Verizon filed an *inter partes* request for reexamination of the '763 Patent, alleging that all of the claims asserted against T-Mobile are invalid.  That request is now pending before the PTO.  Up until that date, only one

2

of four patents originally being asserted by Plaintiffs against T-Mobile was involved in reexamination.

After Verizon filed its request for *inter partes* reexamination of the '763 Patent, Plaintiffs filed an amended complaint against T-Mobile on December 17, 2010 (D.I. 158),[1] and also served updated infringement contentions on January 7, 2011, both indicating that they were dropping all allegations of patent infringement *except those relating to the '822 and '763 Patents*.[2] Accordingly, the only two patents remaining in suit against T-Mobile are now either already in reexamination or very likely to be in reexamination in the near future.

Pursuant to the Court's amended Case Management Plan in this action, fact discovery closes on February 14, 2011, opening expert reports are due March 15, 2011, expert discovery closes June 3, 2011, the deadline to file dispositive motions is June 30, 2011, and the final pretrial conference is scheduled for September 26, 2011.  (D.I. 142 (adopting D.I. 134).)  There is currently no scheduled trial date for this case.

## III. ARGUMENT

The decision to grant a stay of litigation is within the Court's "inherent power to manage [its] dockets."  *Lincoln Elec. Co. v. Miller Elec. Mfg. Co.*, 2007 WL 2670039 at *3 (N.D. Ohio 2007) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).  This Court has identified several factors to consider when deciding a motion to stay pending reexamination: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  *01 Communique Lab.,*

---

[1] Plaintiffs filed a similar amended complaint against AT&T Mobility and TracFone. (Case No. 08-CV-822, D.I. 182.)

[2] Plaintiffs also filed a motion for leave to file a third amended complaint on January 13, 2011, reflecting their updated contentions.  (D.I. 163.)

3

*Inc. v. Citrix Sys., Inc.*, 2008 WL 696888 at *2 (N.D. Ohio 2008).  In this case, each of these factors weighs in favor of granting a stay.

      A.      **A Stay Will Simplify the Issues in Question and Reduce the Burden of Litigation on the Parties and the Court**

The outcomes of the pending reexamination of the '822 Patent and the pending request for reexamination of the '763 Patent (collectively, the "reexamination proceedings") will likely greatly affect the issues before the Court in this case.  Since December 14, 2010, both asserted patents have been presented to the PTO for *inter partes* reexamination.  The '822 Patent is already subject to a pending *inter partes* reexamination, the PTO having found that a substantial question of patentability exists regarding the claims.  Currently, the majority of the claims of the '822 Patent asserted against T-Mobile and AT&T Mobility have been rejected, with only two *dependent* claims surviving the initial Office Action in the reexamination.  And the '763 Patent is the subject of a recently filed request for *inter partes* reexamination, directed to *all* of the claims of the '763 Patent that are asserted against T-Mobile and AT&T Mobility.  Thus, all but two of the asserted claims in this case are subject to invalidation or amendment in reexamination.

There is little chance that the claims presented to the PTO in the reexamination proceedings will be confirmed by the PTO in their present form.  According to the PTO's Quarterly Report of September 2010, only *11%* of *inter partes* reexaminations result in confirmation of all of the claims presented.  (*See* Ex. 2, USPTO Quarterly Report, September 30, 2010, *Inter Partes* Statistics at 1).  And although the PTO has yet to formally grant the *inter partes* reexamination request for the '763 Patent, it is nearly a foregone conclusion that it will do so; since *inter partes* reexaminations first became available in 1999, fully *96%* of requests for such reexaminations have been granted.  Here, where more than a dozen claims have been presented to the PTO for reexamination in two separate *inter partes* reexamination proceedings,

4

and many of those claims *have already been rejected*, it is extremely unlikely that all or even a majority of the asserted claims will emerge from the process both valid and unchanged.  In fact, since the asserted claims are subject to two distinct reexamination proceedings, if the reexamination request for the '763 Patent is granted, the likelihood that all of the asserted claims between the two patents will be neither amended nor cancelled is virtually non-existent — a minuscule *1.2%*.

Staying this action will simplify the issues before the Court and streamline the litigation by eliminating or narrowing issues for trial.  If the PTO determines that any of the asserted claims are invalid over prior art, the parties need not waste the Court's or their own resources litigating those claims, resulting in undeniable gains to judicial economy.[3]  Alternatively, the PTO might narrow the issues for trial by finding some of the asserted claims invalid over the prior art or by requiring narrowing amendments, each of which could also lead to substantial efficiencies in this case.  Even in the unlikely event that the PTO confirms the validity of all of the asserted claims in their current form (*i.e.*, without amendment), the parties and the Court could benefit from the PTO's analysis of the asserted claims and the prior art.  *01 Communique*, 2008 WL 696888 at *2 ("When a claim is cancelled as a result of reexamination, there is no need to try the issue, thus simplifying litigation.  When claims survive reexamination, the expert view of the PTO can assist the court in determining patent validity, thus simplifying trial.").

Staying this matter will minimize the risk of inconsistent rulings between the PTO, this Court, and Judge Lioi's Court.[4]  The same prior art before the PTO will also be at issue in this

---

[3] If any of the asserted claims are amended in the course of the reexamination, Plaintiffs will be barred from pursuing those claims with respect to any product or service that T-Mobile already began making, purchasing, using, or importing prior to the issuance of a reexamination certificate stating the allowance of those amended claims.  35 U.S.C. § 316(b).

[4] Plaintiffs' cases previously pending before Judge Economus were all transferred to Judge Lioi in December 2010.  All remain stayed pending reexamination.

5

case and in the cases before Judge Lioi.  If this case is not stayed, these issues will have to be addressed at summary judgment and/or trial prior to the conclusion of the reexamination proceedings, with the risk of inconsistent rulings in parallel, simultaneous proceedings.  *See Hamilton Indus. v. Midwest Folding Prods.,* 1990 WL 37642 at *2 (N.D. Ill. 1990).  Even if any issues remain to be litigated after the reexamination proceedings, the cost and scope of the remaining litigation should be significantly reduced if a stay is granted.  *See Sun-Flex Co. v. Softview Computer Prods. Corp.,* 1989 WL 117976 at *1 (N.D. Ill. 1989).

If the reexamination proceedings result in amendments to the asserted claims, a retrial of all or some of the issues decided on summary judgment and/or at trial may be required, resulting in an unnecessary waste of both the Court's and the parties' resources.  Given the imminent expiration of the asserted patents in December 2011, however, if the reexamination proceedings are not concluded by the end of the year, liability for any amended claims would be *entirely precluded* by the expiration of the patents.  A stay pending reexamination would prevent the possibility of fully litigating claims that could shortly cease to exist and/or cease to be enforceable.

Even if the PTO does not invalidate all of the claims, judicial economy would be served by a stay to postpone litigation of claims that are likely to be narrowed by amendment.  *See, e.g., Tdata Inc. v. Aircraft Technical Publishers*, 2008 WL 77741 at *6 (S.D. Ohio 2008) (reexamination could simplify the issues and streamline the remaining dispositive motions and a trial); *Alloc, Inc. v. Unilin Décor N.V.*, 2003 WL 21640372 at *2 (D. Del. 2003) (it is "beyond dispute" that the court would benefit from a narrowing of the claims).  As recent cases have acknowledged, where multiple claims are involved it is unlikely that all of the claims will survive reexamination unchanged.  *01 Communique*, 2008 WL 696888 at *2; *NetJumper*

6

*Software, L.L.C. v. Google, Inc.*, 2008 WL 2761022 at *2 (E.D. Mich. 2008). Here, the pending reexamination proceedings involve more than a dozen claims; the chance that all of them will emerge from reexamination in their present form is very low.

Whether the PTO invalidates all of the asserted claims or merely narrows the scope of some of those claims, the issues in this case will be streamlined or eliminated if the case is stayed pending the PTO's determination. Because that simplification will reduce the burden on this Court and the parties and will prevent inconsistent rulings on the same patents, this factor weighs heavily in favor of granting a stay pending the outcome of the reexamination proceedings.

### B. A Stay Will Not Unduly Prejudice or Present A Tactical Disadvantage to Plaintiffs

A stay pending the reexamination proceedings will not result in undue prejudice to Plaintiffs. Indeed, the benefit sought in the requested stay is one in which the Court, T-Mobile, and Plaintiffs will share equally; each will benefit from not having to expend resources in litigating myriad issues relating to claims that are ultimately rejected or amended in the reexaminations. *See Broadcase Innovation, L.L.C. v. Charter Commc'ns, Inc.,* 2006 WL 1897165 at *10 (D. Colo. 2006). And because the PTO is statutorily bound to conduct reexaminations "with special dispatch," resolution of these issues will not be unduly delayed. 35 U.S.C. § 314(c).

A stay also would not subject Plaintiffs to irreparable harm for which monetary damages would be inadequate. Here, Plaintiffs do not commercially practice the patents and apparently have no desire to do so; rather, they seek to generate royalties by licensing the patents or suing other companies for patent infringement. (Ex. 3, Dep. of Warren Williamson IV, Dec. 3, 2010, at 78; *see also id. at* 39, 74-76, 104-106). Plaintiffs' own actions thus suggest that they consider

7

monetary damages an adequate remedy for any infringement of the asserted patents.[5] *See*, *e.g.*, *MercExchange v. eBay, Inc.*, 500 F.Supp.2d 556, 582 (E.D. Va. 2007). A stay would have no prejudicial impact on Plaintiffs for which they could not adequately be compensated by monetary damages, since Plaintiffs have nothing at stake in this lawsuit beyond financial speculation in the value of the patents. (*See* Ex. 3, Dep. of W. Williamson IV at 39-41, 78).

Because a stay will neither subject Plaintiffs to irreparable harm nor risk loss of evidence, a stay will not unduly prejudice Plaintiffs. This factor weighs in favor of granting a stay pending the resolution of the reexaminations.

### C. Discovery Has Not Closed and Trial Has Not Been Scheduled

The third and final factor, "whether discovery is complete and whether a trial date has been set," also unambiguously weighs in favor of a stay. In this case, expert discovery will not close until May 9, 2011, and a trial date has not yet been set.[6] According to the Amended Case Management Plan, the final pretrial conference will not be held for another eight months, so even if a trial date had been set, it would be at least eight months away – *two months further away* than trial was in the cases that were before Judge Economus when they were stayed. Accordingly, this factor plainly weighs in favor of a stay.

### D. A Stay Is Even More Warranted Here than it Was in the Cases Before Judge Economus

Judge Economus already considered these issues and determined that stays of the closely related cases pending in his court were appropriate. A stay is even more warranted here. This

---

[5] Plaintiffs' failure to plead facts necessary for an injunction and decision not to seek a preliminary injunction further suggest that they recognize that monetary damages are the only remedy available.

[6] Stays are routinely granted in cases such as this. *See*, *e.g.*, *Lincoln Elec.,* 2007 WL 2670039 at *2 (granting a stay after discovery was underway); *01 Communique,* 2008 WL 696888 at *4 (granting a stay after the close of discovery and after the case had been pending for over two years); *Tdata*, 2008 WL 77741 at *4 (granting stay after the *Markman* hearing and during summary judgment briefing even though the case had been pending for 5 years).

8

case involves the same patents, the same Plaintiffs, and the same allegations of infringement as the Judge Economus cases. In fact, there are only two material differences between this case and the cases before Judge Economus when those cases were stayed, and both confirm that a stay is even more proper here.

First, the only consideration Judge Economus found to weigh slightly against a stay in those cases – the age and medical condition of witnesses Everett Dennison, Terry Gernstein, and Warren Williamson III (*see* Ex. 1, Case No. 4:08-CV-816 D.I. 46 at 4-5) – has been diminished and will shortly be eliminated in this case. Here, T-Mobile has already taken the deposition of Mr. Dennison and has scheduled the depositions of Mr. Gernstein and Mr. Williamson for February 4 and 7, 2011, respectively.[7] Unlike the cases before Judge Economus, the parties in this case have preserved and are preserving important testimony, such that there is little or no risk that evidence will be lost by a lapse of time if a stay were to be granted.[8] Accordingly, a stay is even more warranted in this case, as the delay should have no impact on the parties' ability to collect relevant information from important fact witnesses.

Equally important, the case for a stay is more compelling here than it was in the related cases because the reexamination proceedings are much more likely to result in invalidation of or amendment to the claims. When Judge Economus granted a stay in the related cases, the only reexamination activity that had taken place was the filing of four *ex parte* reexamination requests – none of the requests had been granted, and none of the claims had been rejected. Here, one of the two patents at issue is already in reexamination and all but two of the asserted claims of that

---

[7] The parties had scheduled Mr. Gernstein's deposition for January 7, 2011, but have since agreed to postpone the deposition to allow investigation of issues relating to documents Plaintiffs have withheld on the basis of privilege.

[8] To the extent the Court is able to rule on the present motion before the depositions of Warren Williamson III and Terry Gernstein take place, T-Mobile respectfully requests that the Court take the approach adopted by Judge Economus and permit those depositions to go forward even if the stay is granted. Such a result would eliminate the risk that the testimony of those witnesses be lost due to lapse of time.

9

patent stand rejected. In addition, the pending request for reexamination of the '763 Patent is an *inter partes* request, which are granted more often and are twice as likely to result in invalidation of or amendments to the claims as are *ex parte* reexaminations. (*Compare* Ex. 2, USPTO Quarterly Report, September 30, 2010, *Inter Partes* Statistics at 1 *with* Ex. 4, USPTO Quarterly Report, September 30, 2010, *Ex Parte* Statistics at 1) (stating that, since November 1999, 96% of *inter partes* reexamination requests have been granted and the claims have been confirmed without amendment only 11% of the time, while since 1981, 92% of *ex parte* reexamination requests have been granted and the claims have been confirmed without amendment 23% of the time). The circumstances of this case thus even more clearly warrant a stay than did the cases before Judge Economus.

## IV. CONCLUSION

The pending reexamination proceedings address all but two of the claims asserted against T-Mobile. Absent a stay, substantial resources of the Court and the parties will be spent before the PTO has an opportunity to reassess the validity of the asserted patents, resulting in a gross waste of judicial and private resources and a significant risk of inconsistent rulings. For the foregoing reasons, T-Mobile respectfully requests that the Court stay this case until the conclusion of the reexamination proceedings currently pending before the PTO.

Dated:  January 18, 2011                         Respectfully submitted,

By /s/ John M. Skeriotis

John M. Skeriotis (0069263)
BROUSE McDOWELL LPA
388 South Main Street, Suite 500
Akron, Ohio 44311-4407
Phone: (330) 535-5711
Facsimile: (330) 253-8601
Email: jms@brouse.com

Josh A. Krevitt (pro hac vice)
Benjamin Hershkowitz (pro hac vice)
Charles J. Boudreau (pro hac vice)
Amy E. LaValle (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: jkrevitt@gibsondunn.com
Email: bhershkowitz@gibsondunn.com
Email: cboudreau@gibsondunn.com
Email: alavalle@gibsondunn.com

*Attorneys for Defendant T-Mobile USA, Inc.*

101006894_1.DOC

11

**CERTIFICATE OF SERVICE**

  I certify that on January 18, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

            /s/
            One of the Attorneys for Defendant
            T-Mobile USA, Inc.