UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMSAT ADVANCED, ) <br> GEO-LOCATION TECHNOLOGY, LLC ) <br> LOCATION BASED SERVICES, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> -vs- ) <br> T-MOBILE USA, INC., ) <br> ) <br> Defendant. ) | CASE NO. 4:08cv00817 <br><br> JUDGE JOHN R. ADAMS <br><br> MEMORANDUM OF OPINION <br> AND ORDER |

This matter is before the Court on Defendant T-Mobile USA's Motion to Stay Proceedings Pending Reexamination of the Patents-in-suit (Doc. 164). Further, Defendant has recently moved for leave to file a supplemental reply to Plaintiffs' Opposition to its motion to stay (Doc. 181). For the reasons set forth herein, Defendant's motions are GRANTED.

**I. Background**

The complaint in this matter was filed on March 31, 2008. Plaintiffs allege that Defendant unlawfully infringed upon patents relating to technology allowing for location of a particular cellular telephone for purposes of providing cellular network services, including emergency services. Plaintiffs allege that Defendant infringed four U.S. patents: U.S. Patent No. 5,946,611 issued August 31, 1999 (the '611 patent); U.S. Patent No. 6,324,404 issued November 27, 2001 (the '404 patent); U.S. Patent No. 6,847,822 issued January 25, 2005 (the '822 patent); and U.S. Patent No. 7,289,763 issued October

30, 2007 (the '763 patent).  The parties submitted briefs and proposed constructions regarding various disputed claim terms.  On May 10, 2010, a claim construction hearing was held.  Defendant moved for partial summary judgment of invalidity, which the Court denied.  On December 17, 2010, Plaintiffs filed a second amended complaint in which they dropped their infringement contentions with regard to the '611 patent and the '404 patent.  On January 18, 2011, Defendant moved to stay these proceedings. Plaintiffs oppose the motion.

**II.     Reexamination**

In its motion to stay, Defendant contends that the '822 patent and the '763 patent are pending inter partes reexamination by the U.S. Patent and Trademark Office ("PTO"). On September 28, 2009, Verizon, a defendant in another case pending in this district requested reexamination of the '822 patent.  The PTO granted the request and on March 16, 2010, rejected Claims 10-14, 22, 24-27, 32, and 34-37.  On December 14, 2010, Verizon requested reexamination of the '763 patent, alleging that all of the claims asserted against Defendant herein are invalid.  In its most recent motion to file a supplemental reply, Defendant informs the Court that on March 3, 2011, the PTO granted Verizon's December 14, 2010 request and has ordered a inter partes reexamination "of every one of the 10 claims of the '763 patent that are asserted against T-Mobile (claims 1, 4, 23-28, 31, and 32)."

**III.    Law and Analysis**

The Court's authority to order a stay of proceedings pending the outcome of a reexamination of patents-in-suit by the PTO is part of the Court's inherent power to manage its docket.  *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983);

*Landis v. North American Co.,* 299 U.S. 248, (1936).  In determining whether to grant such a stay, courts commonly consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving part; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  (Citations omitted.)  *Xerox Corp. v. 3Com Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999).

### *Prejudice to Plaintiffs*

In response to Defendant's motion to stay, Plaintiffs contend they will suffer substantial prejudice because they have already devoted thousands of hours of legal work to this suit and incurred thousands of dollars in case related expenses.  Essentially, Plaintiffs contend Defendant should have filed its own request for reexamination rather than file this motion to stay after Verizon, a defendant in another suit, requested reexamination.  Plaintiffs further argue that the there may be a multi-year delay and that key Plaintiffs' witnesses are elderly and/or have poor health, therefore possibly precluding them from being available when litigation resumes.

This Court concludes that the stay in the instant matter does not appear to be a tactic to delay the proceedings.  The Court notes that the outcome of the reexamination, recently ordered by the PTO of the '763 patent will most likely affect the scope of this case.  The Court takes judicial notice of the statistic from the PTO's Quarterly Report that only 11% of inter partes reexamination result in confirmation of all of the claims presented. Therefore, it is highly likely that the issues in the present case will be affected by the outcome of the '763 reexamination.  A stay pending these proceedings would allow the parties to preserve their resources by simplifying the issues in question.

With regard to the age and health of Plaintiffs' key witnesses, Defendant notes that it has already taken the deposition of Mr. Dennison and has scheduled the depositions of Mr. Gerstein and Mr. Williamson.  To the extent that their motion is granted before taking the depositions of these key witnesses, Defendant requests this Court to permit those depositions to go forward regardless of the stay.  As this route will eliminate the risk of this testimony being lost due to the lapse of time during the stay, this request is granted.

Accordingly, the Court concludes that any potential prejudice to Plaintiffs does not weigh against a stay in this case.

*Simplification of Issues in Question*

"When a claim is cancelled as a result of reexamination, there is no need to try the issue, thus simplifying litigation.  When claims survive reexamination, the expert view of the PTO can assist the court in determining patent validity, thus simplifying trial."  (Citations omitted.) *01 Communique Laboratory, Inc. v. Citrix Systems, Inc.,* No. 06CV0253, 2008 WL 696888, at *2 (N.D. Ohio 2008).  The Sixth Circuit has noted that "[s]tatistically speaking, there is a very small chance that all of the claims will survive reexamination without amendment."  *Id.*  Accordingly, there is a substantial likelihood that the issues in question will be simplified.

*Stage of Litigation*

Plaintiffs note that Defendants' motion came just ten days before the close of fact discovery.  However, on February 4, 2011, this Court granted the parties' joint motion to amend the case plan, allowing them additional time to complete depositions and to file final unenforceability contentions.  Notably, on February 28, 2011, Plaintiffs filed a

consent motion for an extension of the completion of discovery.  Expert discovery is not scheduled to be completed until at least June 3, 2011 with dispositive motions not due until June 30, 2011.  Finally, a trial has yet to be scheduled in this matter.  Therefore, there remain several costly stages of this litigation that may be eliminated or reduced depending upon the result of the reexamination of the patents-in-suit.  Accordingly, the phase of this litigation, while not in its earliest stages, does not warrant denial of the motion to stay.

### IV. Conclusion

For the foregoing reasons, the Court finds that a stay of proceedings is appropriate pending the conclusion of the reexamination of the patents-in-suit.  Defendant's motion for leave to file a supplemental reply to Plaintiffs' opposition to its motion is GRANTED.  The Court GRANTS Defendant's motion to stay the proceedings.  Further, the Court GRANTS Defendant's request that the parties be permitted to take the depositions of Everett Dennison, Warren Williamson III, and Terry M. Gerstein, despite the stay.  The parties shall take these depositions at their earliest convenience.

The instant matter is hereby PERPETUALLY STAYED and the within case is hereby CLOSED subject to notification by the Defendant of the conclusion of the PTO's reexamination process. Finally, Plaintiffs' consent motion for extension of discovery (Doc. 180), and Defendant's motion for leave to file discovery materials (Doc. 176) are DENIED AS MOOT.

IT IS SO ORDERED.

Dated:  March 8, 2011              */s/ John R. Adams*_____
                                                  UNITED STATES DISTRICT JUDGE